Van Brunt, P. J.
—Although from the prayer of the complaint it would naturally be inferred that two inconsistent causes of action have been therein set up an examination of all its allegations shows that such is not the case. The whole tendency of the allegations is to establish a right, upon the part of the plaintiff, to call upon the defendants to account for the bonds paid over to and received by the defendants, Stanton, in fraud of the plaintiff, or to pay the value thereof. The allegations alleging conspiracy and wrong are relevant to a cause of action of the scope above stated in that the whole right to the relief suggested depends upon a fraudulent combination of the defendants, or a willful disregard of the plaintiff’s rights.
In the eighth, ninth and tenth paragraphs of the complaint are alleged the agreement between the defendants for reconstruction, and the provision made to redeem the certificates issued, among which were the plaintiff’s.
The twelfth paragraph shows the delivery of the bonds to Stanton in defiance *1007 of plaintiff’s rights, although the defendant, Swan, and the railroad company were well aware of such rights.
These allegations were pertinent to the establishment of the right claimed to call upon these parties to account for the bonds or pay their value.
The allegation in the sixteenth paragraph of the complaint that the certificates had become worthless because of the wrongful acts of the defendants in no way tends to the assertion of another or different cause of action; but is simply an allegation that he has no remedy thereon, and that he must, therefore, pursue those who had fraudulently disposed of his bonds to make them account therefor.
The allegations which are claimed to show a cause of action against the defendant Stanton alone, although they may not be relevant to the cause of action against ail the defendants and maybe were evidence of a fraudulent intent upon the part of Stanton can in no way be claimed to be intended to establish such a cause of action.
There may be allegations which are not pertinent to the cause of action set out in the complaint, but this forms no ground of demurrer.
Upon the trial, if proof of such allegation is offered, such proof may be objected to upon the ground of the irrelevancy of the allegation to the cause of action set out.
The judgment appealed from should be affirmed, with costs, with leave to-the defendant to answer upon payment of the costs of appeal and the costs of. the court below.
Brady and Daniels, JJ., concur.